UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE CASTINO,
          Plaintiff,

v.                                   Civil Action No. 14-30052-KPN

SOUTHWORTH MILTON, INC.,
          Defendant

MEMORANDUM AND ORDER WITH REGARD TO
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915
April 23, 2014

NEIMAN, M.J.

On March 26, 2014, Bruce Castino ("Plaintiff"), a resident of Great Barrington, Massachusetts, filed a self-prepared complaint naming Southworth Milton, Inc., assertedly a New York corporation, as defendant. Plaintiff appears to assert a violation of an insurance agreement but, more fundamentally, complains about the result reached in state court civil proceedings involving the same two parties. As a basis for jurisdiction in this forum, Plaintiff invokes 28 U.S.C. § 1332. Plaintiff has consented to proceed before the undersigned for all purposes. *See* 28 U.S.C. § 636(b) and FED. R. CIV. P. 73(b).

Because Plaintiff seeks to file his complaint without the prepayment of the filing fee, the court has authority to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915. The court concludes that it does not and, therefore, will dismiss Plaintiff's complaint summarily.

DISCUSSION

Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii). When subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, *Mack v. Massachusetts*, 204 F. Supp. 2d 163, 166 (D. Mass. 2002), and the action may be dismissed *sua sponte* and without notice under Section 1915. *Neitzke*, 490 U.S. at 327-328 (interpreting the former § 1915 (d)); *accord Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("clearly baseless" actions may be dismissed).

Of course, Plaintiff's *pro se* pleadings must be construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept of Education*, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, this action should be dismissed in its entirety for the reasons which follow.

As an initial matter, the court notes that Plaintiff has inadequately invoked diversity jurisdiction under 28 U.S.C. § 1332, having failed to assert in his complaint that more than $75,000 is in issue. Indeed, Plaintiff's civil cover sheet indicates that he is only seeking $25,000 in damages. That, in and of itself, should end matters.

If that were not enough, Plaintiff's complaint, including its exhibits, reveals that the current dispute, if dispute it is, has already been litigated in the Superior Court of

2

Berkshire County. *See Southworth Milton, Inc. v. Bruce Castino*, Civil Act. No. 10-00013 (Superior Court Department). Thus, to the extent Plaintiff is seeking federal review of any *final* decision of a state court, this court lacks subject matter jurisdiction to conduct such review pursuant to the *Rooker-Feldman* doctrine. That doctrine is a distillation of two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and precludes a federal action if the relief requested would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994); *Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc.*, 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit). The *Rooker-Feldman* doctrine "is jurisdictional, and [it] . . . cannot be ignored." *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 33 n.7 (1st Cir. 2004) (citations omitted). Here, this court reasonably infers from Plaintiff's allegations that, as defendant, he was the "state-court loser" and that the state-court judgment was rendered before the instant proceeding commenced.

That said, the court notes that Plaintiff's civil cover sheet also indicates that this matter has supposedly been "Removed from State Court." A review of Plaintiff's documents, however, makes obvious that Plaintiff has failed to comport with any of the requirements of removal. More to the point, Plaintiff (as the defendant in the state court action) has failed *per se* to even invoke, let alone establish, the court's

3

jurisdiction given the amount which he himself asserts is in controversy. *See Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case."). *See also Bates v. Life Care Ctrs. of Am., Inc.*, -- F. Supp. 2d -- , 2013 WL 6732113, at *2 (Dec. 18, 2013) (removing defendant has burden of demonstrating that the amount in controversy exceeds $75,000).

Finally, to the extent that this court might have jurisdiction and to the extent that the state litigation may still be pending, the court will abstain from further judicial review. *See Younger v. Harris*, 401 U.S. 37, 46 (1971). A federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is: (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding); that (2) implicates an important state interest; and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit. *See Brooks v. New Hampshire Supreme Court*, 80 F.3d 633 (1st Cir. 1996) *citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, Plaintiff's implied claims of due process violations during the course of the state litigation (see ¶ 5 of his complaint) appear to implicate all three prongs of the test, warranting *Younger* abstention. Simply put, there are no circumstances alleged that would exempt Plaintiff from application of *Younger* principles.

## CONCLUSION

For the reasons stated, the court dismisses Plaintiff's complaint in its entirety.

4

IT IS SO ORDERED.

                                             /s/ Kenneth P. Neiman
                                            KENNETH P. NEIMAN
                                            U.S. MAGISTRATE JUDGE

April 23, 2014